# Donat Stehle et al., Plffs. in Err., *v.* Commonwealth of Pennsylvania.

In an action of sci. fa. on a license bond given on taking out a license to keep an eating-house, brought to recover fines imposed for selling liquor on Sunday,—*Held*, that an affidavit of defense, that the action was not commenced within six months after the alleged violation, as provided in § 35 of the act of April 3, 1872, and that the sentence was that the principal in the bond should pay a fine or undergo imprisonment, and that he had undergone the imprisonment and thereby satisfied the sentence, and that no judgment within the meaning of the act had been recovered against such princi-

NOTE.—The same determination as to the liability of the principal and sureties is found in Brown v. Com. 114 Pa. 335, 5 Cent. Rep. 240, 6 Atl. 152.

pal, and that the sureties on the bond were not liable for a fine imposed on the principal for selling liquor on Sunday except when sold in his business of eating-house keeper, disclosed no legal defense to the action, and that judgment was properly ordered by the court below against the principal and sureties for want of a sufficient affidavit of defense.

*Held*, further, that the averment that the principal in the bond had satisfied the fines by submitting to an imprisonment is no reason for the discharge of his sureties.

(Argued November 3, 1886. Decided November 15, 1886.)

October Term, 1886, No. 194, W. D., before GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. Error to the Court of Quarter Sessions of Allegheny County to review a judgment for plaintiff for want of a sufficient affidavit of defense in an action of sci. fa. on a license bond. Affirmed.

April 22, 1885, Donat Stehle took out a license to keep an eating-house in the city of Pittsburgh for one year from May 1, 1885, and gave a bond in the sum of $2,000 with John Kessler and Charles Busse as sureties. In June, 1885, informations were filed against Stehle charging him with selling liquors on Sunday. At the September sessions, 1885, an indictment was found against Stehle on which he was subsequently tried, convicted, and sentenced to pay five fines of a $100 each, or in default to undergo an imprisonment not exceeding thirty days. Stehle underwent the imprisonment but never paid the fines, to recover which this action was brought upon his license bond. John Kessler filed an affidavit which alleged that defendants had a legal defense to the plaintiff's claim, the nature of which defense is as follows, to wit:

"First. That as shown by the sci. fa. in this case and the record at No. 293, September sessions, 1885, referred to therein, said Donat Stehle was sentenced November 14, 1885, and this action was not commenced until June 28, 1886, more than six months after the alleged violation of the liquor law by said Donat Stehle; and it is provided by the 35th section of the said act of April 3, 1872, that 'no suit shall be intsituted for a violation of any of the provisions of this act after six months from the commission of the offense;' and affiant avers that according to the true intent and meaning of said act this action is thereby barred.

"Second. The sentence of the court at No. 293, September sessions, 1885, was that said Donat Stehle should pay fines aggregating $500, or in default undergo imprisonment not exceeding thirty days. Said Donat Stehle did undergo such imprisonment, and thereby fully and completely satisfied said sentence.

"Third. Said Donat Stehle was licensed to keep an eating house, and the bond now sued on was conditioned that he should well and faithfully observe and fulfil all the duties relating to the business of keeping an eating house, and should pay all fines and forfeitures that might be recovered against him. This bond was given under the act of April 10, 1873, which, unlike the act of April 3, 1872, does not contain any provision for proceeding on the bond in case of conviction. The language of the act of April 3, 1872, is that the bond may be proceeded on 'whenever judgment for any forfeiture or fine shall have been recovered or conviction had for any violation of any of the provisions of this act,' etc.

"The language of the act of April 10, 1873, under which this bond is given is that the bond may be proceeded on 'whenever judgment for any fine or forfeiture shall have been recovered against the person to whom license has been granted, for any violation of the laws aforesaid.' And affiant therefore avers that no judgment within the meaning of said acts of assembly has been recovered against the said Donat Stehle, and that therefore this action cannot be maintained.

"And he further says that it is not made to appear by the indictment at No. 293, September sessions, 1885, whether the intoxicating drinks charged therein to have been sold by Donat Stehle on Sunday were such as pertained to his business of eating-house keeper or not; and if they did not he avers that the bond would not be liable for such unlawful act, and that as to the sureties, at least the record of such conviction establishes no right of action."

The commonwealth took a rule for judgment, alleging that the "affidavit of defense filed disclosed no legal defense which is well founded." After argument the court made the rule absolute, and defendants took this writ, assigning as error the action of the court: 1, in making absolute the rule for judgment for want of a sufficient affidavit of defense; 2, in adjudging the affidavit of defense insufficient.

*John S. Ferguson* and *A. H. Rowand, Jr.,* for plaintiffs in error.—The record must control. Huntzinger v. Com. 97 Pa. 336.

There is nothing ambiguous about the sentence. To correct it now would in effect be to resentence Stehle to the prejudice of his sureties, after the lapse of three terms. The court has no power to enter a rule to reconsider the judgment and, at a subsequent term, alter the sentence. Com. v. Mayloy, 57 Pa. 291.

The sureties are not liable to pay a fine imposed upon their principal if he, being given the alternative of imprisonment, chooses to undergo the imprisonment. Wharton v. Duncan, 83 Pa. 40.

The action is barred by the limitation of § 35 of the act of April 3, 1872: "No suit shall be instituted for a violation of any of the provisions of this act, after six months from the commission of the offense."

We further contend that a sentence to pay a fine for the unlawful sale of intoxicating drink on Sunday does not establish a liability upon the bond. Our obligation was to pay all fines that might be recovered against Stehle for his failure to observe and fulfil the duties relating to the business of an eating house.

The liability of a surety in a statutory obligation is measured by the contract as it is, and not by what the legislature intended it should be; and the language must be construed as if it had been in any other instrument, and the fact that the obligation was given in pursuance of a statute does not alter its plain import or affect the liability thereunder. Wood v. Fisk, 63 N. Y. 245, 20 Am. Rep. 528; Davis v. Van Buren, 72 N. Y. 587.

*W. D. Porter,* Dist. Atty., and *William Yost,* for defendant in error.—The limitation of six months upon suits for violation of the act of April 3, 1872 (P. L. 843), does not apply to a scire facias issued upon such a bond as that in question, for under that act no suit was required to be brought upon the bonds for the collection of fines, etc.

The bond for which that act provided was a judgment bond, and it was made the duty of the district attorney to enter up judgment upon the same, upon complaint of any citizen, whenever any fine or forfeiture had been recovered, or conviction had for any violation of the provisions of the act or any supplement thereto. The act of April 10, 1873 (P. L. 601), substitutes a

bond without a warrant of attorney to confess judgment, and provides that the proceedings thereon should be similar in form and effect to those upon forfeited bonds and recognizances in said county. But this act, as well as that of April 3, 1872, provided that proceedings should be had on the bond only after a judgment for a fine or forfeiture had been recovered against the person to whom the license had been granted. Thus it is evident that actions upon these bonds do not fall within the bar of the provision of the act of 1872.

PER CURIAM:

Judgment for the want of a sufficient affidavit of defense was properly ordered by the court below. Having examined all the points raised on behalf of the plaintiffs in error, we find nothing in either of them that can be sustained.

The averment that Stehle had satisfied the fines by submitting to an imprisonment cannot be entertained as a good reason for the discharge of his sureties; see Brown v. Com. the opinion in which case was filed on the 18th ultimo, 114 Pa. 335, 5 Cent. Rep. 240, 6 Atl. 152

Judgment affirmed.