WALTER C. QUINTARD, TREASURER, vs. PATRICK COR-
CORAN AND OTHERS.

A person licensed by the county commissioners to sell intoxicating liquors
in a certain town, gave a bond to the treasurer of the town with sureties,
as required by law, in the sum of $1,000, the condition of which was
that if he " should duly observe all laws relating to intoxicating liquors "
it should be void.   Held—
1.   That the keeping open a place on Sunday where intoxicating liquors
were exposed to sale was a breach of the bond, although the act was
forbidden by a statute with regard to Sunday and not by that relating
to intoxicating liquors.
2.   That it was not necessary that the bond should provide in terms that
its amount was to be forfeited upon a breach, that being necessarily
implied.
3.   That it was not necessary that the act constituting a breach of the
bond should be merely an abuse of a privilege granted by the license.
4.   That it was not necessary that the plaintiff should have sustained any
damage by reason of the breach of the bond.
5.   That the $1,000 was the measure of damages.
It is admissible to prove the time when a certain occurrence, foreign to the
case, took place, for the purpose of fixing by it the time when a certain
act, within the case, was done.

CIVIL ACTION on a bond given by the defendants to the
plaintiff as treasurer of the town of Norwalk, for the obser-
vance of all laws relating to intoxicating liquors by the
defendant Corcoran, who had been licensed by the county
commissioners to sell liquors in said town; brought to the
Superior Court, and tried to the jury before *Hitchcock*, J.
Verdict for the plaintiff, and motions in error and for a new
trial by the defendants.   The case is sufficiently stated in
the opinion.

*G. Stoddard* and *J. S. Seymour*, in support of the motions.

*L. D. Brewster*, and *H. B. Scott*, contra.

PARK, C. J.   This is a suit on a bond of one thousand
dollars given to the treasurer of the county of Fairfield, to

which was attached the following condition:—" The condition of this obligation is such, that whereas the above bounden Patrick Corcoran has this day been licensed by the board of county commissioners of the county of Fairfield to sell intoxicating liquors in the town of Norwalk in said county—now if the said Patrick Corcoran shall duly observe all laws relating to intoxicating liquors during the time covered by said license, and also shall pay all damages arising from sales of intoxicating liquors made by him during said time, and which shall be recovered from him under and pursuant to the provisions of part 1, chap. 14, title 16, of the General Statutes of this state, then this bond is to be void, otherwise of full force in the law."

On the trial of the case in the court below the defendants demurred to the complaint for the following reasons:—

1. Because the complaint and the matters therein contained do not show that the defendant Corcoran has not duly observed all laws relating to intoxicating liquors, within the meaning of the statute in such case provided.

2. Because the facts alleged in the complaint and assigned as a breach of the condition of said bond do not constitute a breach of said condition.

3. Because said bond is void for uncertainty.

4. Because the acts of said Corcoran alleged to be a breach of the condition of said bond, and a breach of said law relating to intoxicating liquors, do not constitute an abuse of any privilege conferred on him by the license recited in the condition of said bond.

The court below adjudged the complaint to be sufficient, and the case comes here for a review of that decision, as well as for a revision of other rulings of the court in the trial of the cause upon its merits.

The first, second and fourth grounds of demurrer seem to be based upon the claim that the offense charged in the complaint is not one relating to intoxicating liquors, and that therefore no breach of the condition of the bond has been alleged. But the case of *The State* v. *Wolfarth*, 42 Conn., 155, fully decides this question, and adversely to the

claim of the defendants. One of the questions in that case was whether a prosecuting agent appointed by the county commissioners could lawfully prosecute for a breach of the statute prohibiting the keeping open on Sunday of any place in which it was reputed that intoxicating liquors were kept for sale. Prosecuting agents had no authority to prosecute other breaches of the criminal law than those pertaining to intoxicating liquors. · The statute on this subject is as follows:—"The county commissioners of each county shall appoint one or more persons residing therein to be prosecuting agents, who shall diligently inquire into and prosecute all violations of the laws relating to the sale of intoxicating liquors," &c. The court held that the statute there in question was a statute relating to the sale of intoxicating liquors, and that therefore the prosecuting agent had authority to prosecute the complaint.

The distinction attempted to be made between the case cited and the one under consideration is, that that case did not require a strict construction of the statute, while the present one does; that in that case it was a matter of indifference to offenders who the prosecutor was—whether the proceeding was instituted by a prosecuting agent appointed by the county commissioners, or by a grandjuror elected by the town.

We fail to see the force of this claim. The prosecuting agent either had full authority to institute the proceeding in that case or he had none whatever; and if he had none, then the proceeding was *coran non judice*, and was wholly void. Neither can it be said that it is a matter of indifference, either to the law or to the offenders themselves, whether or not they are prosecuted according to law. It is the endeavor of all courts that if offenders are found guilty they shall be found so in conformity to the strict law of the land. It often occurs that judgments are reversed and new trials ordered on technical points which could not have done the accused any harm.

Again, the defendants claim that the statute, which provides that "before any person shall receive a license he

shall file with said commissioners a joint and several bond to said county in one thousand dollars, with sufficient surety, for the due observance of all laws relating to intoxicating liquors," is not sufficient of itself to warrant the conclusion that if such person does not duly observe such laws he shall forfeit the sum named in the bond, or any part thereof; that it is necessary that the statute should go further and expressly declare that such shall be the consequence if the licensed person shall not duly observe all laws relating to intoxicating liquors; that penal statutes must be construed strictly, and that nothing can be inferred beyond the strict letter of the act.

We think there is nothing in this claim. The statutory requirement, that before any person shall receive a license he shall give a bond to the county with sufficient surety for the due observance of all laws relating to intoxicating liquors, means that he shall give a bond in the usual form, with a condition annexed thereto that if he duly observes all laws relating to intoxicating liquors the bond shall be void, but shall remain in full force against him if he violates any one of those statutes. Wherever the statute requires a bond to be given for the faithful performance of some trust or duty, nothing more is said in relation to it than is said in this case. It is never provided in express terms that if the trust or duty is not faithfully performed the bond shall be broken. This is necessarily involved in the requirement that a bond shall be given for such faithful performance.

Again, it is said that the bond is void for uncertainty, so far as it refers to laws relating to intoxicating liquors. Those laws are matters of statute, and the defendants could have easily ascertained what they required of them. Indeed they were bound to inform themselves in order to know what acts their license gave them the right to do. There is no force in this claim.

Again, it is said that the bond was given on taking out a license, and its condition therefore can only be broken by the abuse of some privilege conferred by the license; and

that in respect to the acts claimed to be a breach of the bond the licensed and the unlicensed stand upon the same ground. According to this claim it is difficult to see how the bond could be broken; for a breach of the bond must necessarily be the doing of some act that the license gave the licensee no right to do. So far as the abuse of some privilege conferred by the license is concerned, what is the difference between selling intoxicating liquors to a minor, and keeping open a place on Sunday for the sale of such liquors? If it be said that in the one case the licensee has the right to sell such liquors to certain persons, which act the unlicensed has no right to do, and that therefore selling to a minor is the mere abuse of his privilege to sell such liquors, then it might be said in the other case, with equal propriety, that the licensee has the right to keep open his place for the sale of liquors during six days of the week, which act the unlicensed has no right to do, and that therefore keeping open his establishment during the remaining day of the week is a mere abuse of the privilege granted by his license. We think this distinction is not well taken.

The first objection to the evidence offered by the plaintiff on the trial has already been considered, and needs no further comment.

During the trial the plaintiff offered a witness to prove the allegations of the complaint, that the defendant Corcoran kept open his establishment on Sunday. The witness testified to the fact but was unable to state when it occurred. He knew it took place on the Sunday before a certain trial was had. To prove the date of the trial, and thus to prove when the act was done, the plaintiff offered in evidence the record of the trial. The defendant objected to the evidence, but the court received it for the sole purpose of fixing the date when the trial occurred, and thereby proving, in connection with the testimony of the witness, when Corcoran kept open his establishment. We think the ruling of the court was strictly correct. Nothing is more common than to prove the date of one transaction by the date of another, in circumstances like those of the present case.

The remaining question has relation to the charge of the court.

The defendants claimed, and asked the court to charge the jury, as follows:—

"1. That the plaintiff cannot recover in this action unless he proves that he has sustained some damage by the acts of the defendants, alleged in the complaint.

"2. The plaintiff can recover in this action only such sum as the jury find from the evidence to be equal to the actual damage he has sustained by reason of the acts of the defendants alleged in the complaint.

"3. The one thousand dollars, the sum mentioned in the bond in this suit, is not to be considered as the matter in demand, or as the measure of damages in this action, but only as the extreme limit beyond which the jury cannot go in assessing damages. Within that limit the jury can assess as the damages in this case, if they find that the bond is forfeited, only such sum as the evidence shows to be equal to the damages the plaintiff has actually received."

"The court charged the jury as follows:—"If on the question of keeping open the saloon you find for the plaintiff, then you will consider the question of damages, and in regard to this you may consider that the bond itself furnishes the measure of damages. If you are satisfied that the place was kept open as alleged, you are to take the measure of damages from the bond itself."

We think there is no error in this charge. Manifestly the plaintiff suffered no pecuniary damage by the acts of Corcoran in keeping open his establishment on Sunday; neither would he in any case by a violation of any law relating to intoxicating liquors; and the statute, requiring a bond to be given for the due observance of all laws in this regard, might as well be dispensed with, if only the real pecuniary damage which the plaintiff suffers can be recovered. And it is equally manifest, that the legislature put no such construction upon this part of the statute, for if they had it would never have been enacted. The intent of the legislature was, that the persons to whom they

should grant licenses to deal in intoxicating liquors, the excessive use of which causes more pauperism, misery and crime than all other causes combined, should especially keep the statutes enacted to regulate this great evil; and should they violate them, they should be punished for the offense more than others to whom this trust had never been confided. We think the legislature intended that the full amount of the bond should be forfeited in a case of this character. This question has arisen in Rhode Island and been decided in the same way. *Tripp, Treasurer,* v. *Norton,* 10 R. Isl., 125; *City of Providence* v. *Bligh et al.,* 10 R. Isl., 208.

There is no error, and a new trial is not advised.

In this opinion the other judges concurred.