4289. CITY OF ALBANY *v.* CASSEL *et al.*

1. For the reasons stated by this court in *Campbell* v. *City of Thomasville* and *Jones* v. *Mayor and Council of Waycross,* 6 *Ga. App.* 212, this court adheres to the opinion therein expressed, that a municipal ordinance requiring one who engages in the sale of "near beer" in the municipality to give a good and solvent bond, conditioned that he will keep an orderly house and will not violate the State liquor laws or disobey the ordinances of the city regulating the liquor business, is a reasonable regulation, and that a bond taken in pursuance of such ordinance is valid; and we reaffirm the decisions in those two cases as to this point.

2. The municipal ordinance and the bond taken in pursuance thereof as above indicated are not in violation of section 4161 of the Civil Code of 1910, prohibiting forfeiture of estate for crime; and are not in viola-

tion of article 1, section 2, paragraph 3, of the constitution of Georgia, which declares that no conviction shall work corruption of blood or forfeiture of estate; nor of article 1, section 1, paragraph 3, of the constitution, which provides that no person shall be deprived of life, liberty, or property except by due process of law; nor would a judgment against the obligors for a breach of the conditions of such a bond be a violation of the law or of the provisions of the constitution above referred to.

3. A bond given by a "near beer" liquor dealer under the requirement of a valid municipal ordinance, conditioned to keep an orderly place and not to violate the State prohibition law, nor the city ordinance regulating the "near beer" business, is in the nature of a contract for the observance by the licensee of the provisions of the law therein mentioned, and the sum named in the bond is fixed as liquidated damages, and an action to recover the sum is on contract, and not to recover a penalty. But even if the amount recoverable be construed as a penalty, the municipality or obligee in the bond would be authorized to recover the full amount stated as a penalty, without proof of any pecuniary loss to the municipality, resulting from a breach of the conditions of the bond.

4. The payment of a fine for a violation of the prohibition law by the obligor in the bond, or for a violation of a city ordinance regulating the same subject, would not be a satisfaction of the bond; and the municipality, for the breach of the bond, could recover the amount stipulated therein as a penalty for its forfeiture, either as liquidated damages or as a penalty, notwithstanding the imposition of a sentence for a violation of the criminal statute or the ordinance, and the payment of fines imposed for such violations.

DECIDED OCTOBER 22, 1912.

Action on bond; from city court of Albany—Judge Crosland. May 22, 1912.

The City of Albany, by an ordinance, required all persons who intended to engage in the "near beer" business in the city, as a condition precedent to engaging in such business, to give a bond in the sum of $300, conditioned, among other things, to keep an orderly place, and not to violate the State prohibition law, or any city ordinance regulating the "near beer" business. H. Cassel paid the license to the city, required for 1912, and gave the bond required by the ordinance, and also paid the ordinary as required by the State law. While engaged in the business of a "near beer" dealer, he was arrested for a violation of the State prohibition law in "having on hand at his place of business intoxicating liquor," and for this offense he was tried and convicted and fined $200 in the city court of Albany. He was also charged with a violation of the city ordinance regulating the sale of "near beer," and was convicted of this offense in the municipal court and fined $5. Both

fines were paid by him. It is admitted that he complied with all sentences and judgments against him in prosecutions for violation of the State prohibition law and violation of the city ordinance with reference to the same subject-matter. Afterwards the City of Albany instituted suit against Cassel and his surety on the bond in question, alleging breaches of the conditions of the bond by reason of his violation of the prohibition law of the State of Georgia contained in section 426 of the Penal Code, in that he did keep on hand at his place of business intoxicating liquor, and also alleging his conviction of violation of the condition of the bond relating to the city ordinance in connection with the sale of "near beer," the plaintiff claiming that this violation of the State law and of the city ordinance constituted a breach of the condition of the bond in question, and a forfeiture, whereupon Cassel and his sureties became liable to the city in the sum of $300.

The defendants filed an answer in which they admitted the execution of the bond, and violations of the law and the ordinance in question, and set up as a defense that the obligations of the bond had been fulfilled by a compliance on the part of Cassel, the principal in the bond, with the sentences imposed upon him in connection with his violation of the prohibition laws; and further, that the city ordinance requiring the bond was illegal and void, and beyond the charter powers of the City of Albany; and that the ordinance in question and the bond sued on, and the effort of the plaintiff to recover on this bond, were in violation of section 4161 of the Civil Code of 1910 prohibiting forfeiture to the State for crime, and was also a violation of article 1, section 2, paragraph 3, of the constitution of Georgia (Civil Code, § 6384), which provides that "No conviction shall work corruption of blood, or forfeiture of estate;" and was also in violation of article 1, section 1, paragraph 3, of the constitution (Civil Code, § 6359), which provides that "No person shall be deprived of life, liberty, or property, except by due process of law;" that the bond in question was penal in character; that the City of Albany had incurred no damages by reason of the acts complained of in the petition, and none had been alleged or proved, and that the object in giving the bond had been fully attained in the forfeiture of the license of Cassel and the collection of the fines for violation of the law for which the bond was given, and no further liability existed on the bond.

The facts were not in dispute, and the case was, by agreement, submitted to the presiding judge, who rendered a judgment in favor of the defendants; to which the plaintiff excepted.

*James Tift Mann,* for plaintiff.    *I. J. Hofmayer,* for defendants.

HILL, C. J.    (After stating the foregoing facts.)

1.    This court held in *Campbell* v. *City of Thomasville* and *Jones* v. *Mayor and Council of Waycross,* 6 *Ga. App.* 212 (64 S. E. 815), that it is a reasonable regulation for a city to require any one engaged in selling "near beer" in the municipality to give to the city a good and solvent bond, conditioned that he will keep an orderly house, will not violate the State liquor laws, and will obey the ordinances of the city, regulating the business.    We are asked to review these two cases on this point.    We decline to do so, as, in our opinion, the law as therein decided is sound and well supported on principle and by authorit

2.    The other defenses relied upon, that the ordinance in question and the bond thereunder were in violation of section 4161 of the Civil Code of 1910, prohibiting forfeiture of estate for crime, and also in violation of article 1, section 2, paragraph 3, of the constitution of Georgia, which declares that "No conviction shall work corruption of blood, or forfeiture of estate," and in violation of article 1, section 1, paragraph 3, of the constitution, which provides that "No person shall be deprived of life, liberty, or property, except by due process of law," we think are not even remotely applicable to the facts of the present case, and these defenses therefore are not considered.

3.    The ordinance being a valid exercise of the police power of the municipality and contravening no provision of the constitution, and the bond in question being in pursuance of this ordinance, the next questions to be considered are, (1) whether the bond is penal in character, or a contract by the terms of which damages for its breach are liquidated; and (2) whether the payment of the fines imposed upon the principal of the bond for a violation of the State law or municipal ordinance was a fulfillment of the terms of the bond, and therefore precluded any recovery thereon.    In determining the first question, if we look to the language of the bond itself, it would seem that it was the intention of the parties to liquidate the damages for a breach thereof, for it is expressly stipulated that "it is hereby agreed that upon any breach of this bond,

or in the event it should be found that any of the allegations in the principal's application are not true, the full amount of this bond shall stand forfeited." In the case of Cullinan v. Burkard, 93 App. Div. 31 (86 N. Y. Supplement, 1003), the Supreme Court, Appellate Division, in construing a bond containing terms similar to those of the bond now under consideration, held that a bond conditioned for the observance of the liquor law is in the nature of a contract for the observance by the licensee of the provisions of the State law, and that the sum named· in the bond is fixed as liquidated damages, and an action to recover the same is in contract, and not to recover a penalty. And in Lyman v. Shenandoah Social Club, 39 App. Div. 459 (57 N. Y. Supplement, 372), in construing a bond conditioned upon the good behavior of a liquor dealer and his observance of the laws regulating the sale of liquor, it is said that if the bond were construed to be penal in character, requiring proof of special damage from its violation before there could be a recovery, such construction would simply nullify the purpose of the law in requiring a bond. In that case the violation of the bond consisted in permitting a game of cards to be played in a liquor saloon, and the court on this point said: "The people sustain no direct pecuniary injury from a game of cards for money between private individuals in a liquor saloon, and yet just such an act was one of those which the bond was designed to prohibit. We may go further and say that all the conditions of the bond denote a similar purpose. It is practically a bond for the principal's good behavior as defined in the conditions." 'In the present case the condition of the bond is that the licensee shall "keep an' orderly place and not violate the State prohibition law, nor the city ordinance regulating the near-beer business." In the case last cited the court said: "It seems quite clear that the intention was not to limit a recovery upon the bond to the civil or criminal penalties prescribed in the act for violation of its provisions. . . The legislature surely meant to enforce its policy in an effective manner. Its policy and will were that there should be no gambling of any kind in premises licensed to sell liquor. How could this be enforced if proof were required of the actual loss to the people resulting from the commission of each act of violation or non-compliance? A construction requiring this would simply nullify the law." The keeping of a disorderly place, or a violation of the

State prohibition law or municipal ordinances relating to the same subject, probably would not entail any pecuniary loss upon the city, and the condition of the bond was not to protect the city from pecuniary loss, but to enforce obedience to the law, and to throw around the licensee further inducements to keep an orderly place for the sale of "near beer" and to observe the law of the State and the ordinances of the city. It would be impossible to prove any pecuniary loss resulting from a violation of the terms of the bond; and if this were required, the taking of the bond would be a mere sham and useless formality. If the municipality, as we have held, was authorized by its ordinance to take the bond, as a reasonable regulation, the power of the city to enforce the terms of the bond and to recover for its breach should be upheld.

4. The second position assumed by learned counsel,—that the imposition of the sentence by the city court for a violation of the State prohibition law and the imposition of a fine for a violation of the city ordinance was a fulfilment of the terms. of the bond, and the bond was satisfied by the payment of these fines,—is, we think, also untenable. It is manifest, from the terms of the bond and from the purpose of the ordinance authorizing the requirement of the bond, that it was not intended by either party to the contract to limit the liability thereon to any fine that might be imposed in criminal cases. If that had been the intention, liability on the bond would have been dependent, first, upon proof of the principal obligor's guilt, not by a preponderance of the evidence, but beyond a reasonable doubt; and, secondly, upon the discretion of the trial court in awarding punishment. It is clear that in a suit for a breach of the condition of a bond, only a preponderance of the evidence, as in other civil cases, would be required to warrant a recovery, and if the trial court in criminal cases imposed a sentence of imprisonment, and not a fine, this would render the bond wholly ineffective, if the imposition of the sentence for a violation of the criminal statutes or the penal ordinance amounted to a satisfaction of the bond. We do not agree with the opinion of counsel for the defendant that the damage resulting from a breach of this bond consists in the failure of the defendant to pay some fine or judgment imposed upon him in a criminal prosecution for a violation of the State prohibition law or of the city ordinance relating to the same subject-matter, or that the measure of damages for such breach is

the amount of any unpaid fine or costs. On the contrary, we think that the damages liquidated by the bond are recoverable, regardless of any criminal prosecution or the imposition of any fine in criminal cases, and that the two cases are entirely separate and distinct. In the case of a criminal offense against the State law the State is the aggrieved party, and the satisfaction of the indignity to the State for a violation of its penal statute does not and should not be a satisfaction of the indignity to the city for a breach of the conditions of the bond which it has seen proper to require as a condition precedent to engaging in the business of selling "near beer." We think that bonds of this character are somewhat analogous to bonds required by section 1320 of the Penal Code of 1910, to keep the peace. Suppose that the obligor in a peace bond makes a criminal assault upon the obligee, and is arrested for the criminal assault, convicted and fined, could it be contended that the payment of this fine by the obligor would be a satisfaction of his bond given to keep the peace towards the obligee? We think not. But we think the State could punish for a violation of the penal statute, and the obligee could also recover for a breach of the bond to keep the peace; and whether the amount of the bond be regarded as a penalty or as liquidated damages, the measure of the recovery would be the amount fixed in the bond, without reference to the extent of the injury resulting from the breach of the bond to the obligee. *Shirley* v. *Terrell*, 134 *Ga.* 61 (67 S. E. 436). In Brown v. Commonwealth, 114 Penn. St. 335 (6 Atl. 152), a hotel keeper whose license had been granted to sell liquor and who had filed the usual bond, was convicted of selling liquor on Sunday and sentenced to pay a fine or undergo imprisonment. He served the time of his sentence in prison. Judgment was entered upon his bond and an execution issued to collect the amount of the fine. It was held that this was not error; that he and his sureties were not released from the obligation of their bond by his imprisonment in default of the payment of his fine.

Our attention has been called to the case of the State v. Estabrook, 29 Kansas, 739, in which the court holds that where the obligor has been prosecuted for a violation of law which is alleged as a breach of the condition of his bond, and has paid the fine and cost imposed on him in such prosecution, no action on the bond can be maintained for the same cause, but that the bond in such

cases "must be considered just as other penal bonds are, and the penalty of the bond must be considered just the same as the penalty of all other penal bonds. It can not be considered as a pre-existing debt, as the amount stated in a recognizance is, nor as liquidated damages, as the amount stated in some contracts is." This ruling is apparently in conflict with what we here hold, and with the authorities above cited in support of our ruling. We do not undertake to reconcile the opinion of the Kansas Supreme Court with the opinion of this court or the Supreme Courts of New York and Pennsylvania. If we need authority for the position we have taken, we would prefer to rely upon the decisions of the two latter courts as sounder in principle. But, without the support of these authorities, we are satisfied that the view which this court has taken of this question is more in harmony with the purpose of the law in authorizing such bonds, as well as the object contemplated to be attained by such requirement.

Entertaining the views expressed in the foregoing opinion, we conclude that the learned trial judge committed error in rendering judgment in favor of the defendants, and that on the admitted facts a judgment should have been rendered in favor of the plaintiff for the full amount of the bond.          *Judgment reversed.*

POTTLE, J., dissenting. In this State a municipal corporation can not, either directly or indirectly, punish for an offense against the State—certainly not without express legislative authority so to do. The City of Albany has no charter authority to punish for an act made penal by the State law. It can not, therefore, by ordinance prescribe and enforce a penalty for the sale of intoxicating liquors, because that act is prohibited by the general prohibition law. It can punish the keeping of such liquors on hand for the purpose of sale; but beyond this it can not go. What the city can not do directly, it can not in my opinion do by indirection. The bond required is purely penal in its nature.. No damage need be shown to recover for a breach. The majority hold that through the medium of a penal bond the City of Albany can collect a fine of $300 for the violation of a State law and cover this sum into its treasury. To so hold violates, in my opinion, every decision of the Supreme Court that a municipal corporation can not impose a penalty for the performance of an act already made penal by a State law. I do not think that the decision in *Campbell* v. *Thom-*

*asville,* supra, constrains the ruling made by the majority; and if it does, I am in favor of sustaining the motion to overrule it, in so far as it does so hold. In the 7th headnote to that decision it is stated that a municipality may require a dealer in "near beer" to give a bond not to violate the "State liquor laws," but this statement went further than the facts of the case required or even authorized. The bond required by the Thomasville ordinance was conditioned "for the faithful performance of all the conditions of the application" for a license to sell "near beer," and for the "payment of any fine or fines that may be imposed by the mayor, or acting mayor, for a failure to comply with all the agreements or any of them in said application contained." The ordinance required the applicant to bind himself (1) to keep an orderly house; (2) to have no screens or partitions or other devices to obscure the view of the interior of the place of business; (3) to have no tables or seats therein; (4) to allow no loitering about the place; (5) to refuse to allow minors in the place; (6) not to open on Sundays, and to keep open only during certain hours in week days. The ordinance also provided that the sureties on the bond "shall be liable for any fine imposed for any such violation of this ordinance." It will thus be seen that the bond was not conditioned not to violate the "State liquor laws," nor is there any provision of the ordinance which attempts to authorize the city to recover the $300 penalty every time the principal obligor in the bond violates the State prohibition law. Under the decision now rendered by the majority, a city can impose and recover $3,000, or even $5,000, as a penalty for the violation of the State law, when the State itself can not exact more than a $1,000 fine for the same offense. *Campbell* v. *Thomasville,* supra, is not, in my opinion, authority for such a holding, and if it is, it should be overruled. In the present case the accused was convicted of violating the State law and fined $200. He was adjudged guilty of violating the city ordinance and fined $5. Both fines were paid, and the city is seeking to recover on the bond $300 as a penalty for the same offense for which the State court imposed a fine of $200. I do not think it can do so.