(February 8, 1915.)

STATE ex rel. CANYON COUNTY, Appellant, v. JACOB FORCH, J. FORCH DRUG CO., and UNITED STATES FIDELITY & GUARANTY CO., a Corporation, Respondents.

[146 Pac. 110.]

LIQUOR LAW—DRUGGIST—BOND—CONDITION OF—STATUTORY CONSTRUCTION—ACTION ON BOND.

1. Under the provisions of sec. 4 of an act commonly known as the Haight Liquor Law (1913 Sess. Laws, pp. 121 and 415), a bond conditioned that the one giving it "shall use and dispense with such intoxicating liquors in accordance with the laws of the state of Idaho, then this obligation to be void; otherwise to remain in full force and effect," is a sufficient bond under the provisions of said act.

Argument for Respondents.

2. *Held,* that the provisions of said sec. 4 requiring a bond "conditioned that none of said liquors shall be used or disposed of for any purpose other than in compounding or preserving medicines, the sale of which would not subject him to the payment of the special tax required of liquor dealers, by the United States," is surplusage and contradictory to the legislative intent and purpose of said act, inasmuch as the purpose of said act was to permit druggists to sell intoxicating liquors in accordance with the provisions of such act.

3. Said condition of the bond is out of harmony and in conflict with the clear intent and purpose of said act.

4. When a statute contains a clause that is directly contrary to the legislative intent, as collected from the whole act, such clause will be treated as surplusage and be disregarded in the proper construction of such act.

5. The title to an act may be resorted to as an aid in determining the intention of the legislature.

6. *Held,* that the conditions of the bond given by the respondent make him and his sureties liable thereon if he violates any laws of the state of Idaho in the sale of intoxicating liquor.

7. Under the provisions of the Haight Liquor Law, a civil action may be maintained on the bond given in case of a violation of its conditions, and a criminal action may also be maintained for using or selling intoxicating liquors in violation of the provisions of said law.

APPEAL from the District Court of the Seventh Judicial District for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to recover on a bond given by a drug company for the observance of the laws of the state in the sale of intoxicating liquors. Judgment for the defendant. *Affirmed.*

J. H. Peterson, Attorney General, E. G. Davis and T. C. Coffin, Assistants, and B. W. Henry, for Appellants, cite no authorities.

Scatterday & Van Duyn, for Respondents.

Statutes should be construed so as to render them valid and give them force and effect. (36 Cyc. 1111 (e), notes 74 and 75.)

Particular expressions in one part of a statute, not so large and extensive in import as other expressions in the same statute will yield to the larger and more extensive expression when the latter embodies the real intent of the legislature. (36 Cyc., p. 1131, note 70.)

The title of chapter 27 is an aid in determining the intent of the legislature. (36 Cyc., p. 1133 (f); *State v. Paulsen,* 21 Ida. 686, 694, 123 Pac. 588.)

Construction leading to absurdity, injustice or contradiction is to be avoided in interpreting statutes. (*Chandler v. Lee,* 1 Ida. 349; *Ex parte Ellis,* 11 Cal. 223; *Knowles v. Yeates,* 31 Cal. 82; *Greathouse v. Heed,* 1 Ida. 494; *Riggs v. Palmer,* 115 N. Y. 506, 12 Am. St. 819, 22 N. E. 188, 5 L. R. A. 343.)

Sections of statutes should be construed with reference to the purposes and policy of the act and the object intended to be accomplished. (36 Cyc. 1110 (d).)

SULLIVAN, C. J.—This action was brought by Canyon county, whereby the county seeks to recover from Jacob Forch, a druggist, the Forch Drug Company, and the United States Fidelity & Guaranty Company a judgment for $500 on a bond given by Forch for an alleged violation by Mr. Forch of the liquor laws of the state.

It is alleged in the complaint that the defendant Forch had sold alcohol and wine in Canyon county in September, 1913, and that by reason of making said sales he had become liable upon his bond by reason of the fact that the laws of Idaho prohibited the sale of alcohol and wine in a dry territory, and that Canyon county is a dry territory.

Forch and the bonding company answered in substance and effect denying that defendant Forch and the defendant drug company had made any sale of intoxicating liquors in violation of the laws of this state. Upon the issues thus made the case was heard before a jury and the jury returned a verdict in favor of the defendants. The state appeals from that judgment.

The only question presented for consideration is the proper construction of the act known as the Haight Liquor Law (Sess. Laws 1913, chap. 27, p. 121, and chap. 99, p. 415), and involves particularly the provisions of sec. 4 of said act. Said section provides, among other things, that a bond of $500 shall be given, to be approved by the probate judge in the county in which the pharmacy is located, ''conditioned that none of said liquors shall be used or disposed of for any purpose other than in compounding or preserving medicines, the sale of which would not subject him to the payment of the special tax required of liquor dealers, by the United States, and that he will not violate any of the provisions of the laws prohibiting the sale or disposal of intoxicating liquors in any prohibition district in this state as herein provided.''

Forch filed a bond which had been approved by the probate judge, upon which bond the defendant the United States Fidelity & Guaranty Company was surety, conditioned as follows: ''Now, therefore, if the said Jacob Forch, doing business as the J. Forch Drug Company, shall use and dispense with such intoxicating liquors in accordance with the laws of the State of Idaho, then this obligation to be void; otherwise to remain in full force and effect.''

This action is brought on that bond.

It is contended by the attorney general that said bond is not sufficient under the provisions of said sec. 4 of the Haight Liquor Law, for the reason that it does not contain the provision that ''none of said liquors shall be used or disposed of for any purpose other than in compounding or preserving medicines, the sale of which would not subject him to the payment of the special tax required of liquor dealers, by the United States''; that to condition said bond, as the said bond is conditioned, to wit, that Forch ''Shall use and dispense with such intoxicating liquors in accordance with the laws of the state of Idaho, then this obligation to be void; otherwise, to be in full force and effect,'' is not a compliance with the provisions of said sec. 4; that the defendant Forch is in fact selling intoxicating liquors without first filing a bond con-

taining proper conditions, and is guilty for having failed to file the required bond.

As we view it, the defendant Forch would become liable under said bond if he sold or dispensed any intoxicating liquor contrary to the provisions of any of the laws of the state of Idaho, and if the Haight Liquor Law is a law of the state, which it is, and he violated any of its provisions in selling or dispensing intoxicating liquors, he would be liable on that bond. The condition of said bond under a reasonable construction of said sec. 4, would make the defendant liable upon his bond if he used, dispensed or sold any intoxicating liquor other than in compounding or preserving medicine, "the sale of which would not subject him to the payment of a special tax required of liquor dealers by the United States."

Liquor dealers, before they can legally sell or dispose of any kind of intoxicating liquors, must procure a license from the United States, and the intoxicating liquors that druggists use in compounding or preserving medicines are the kind that require the ordinary liquor dealer to procure a license from the United States for the sale thereof. If the druggist is required to give a bond conditioned that he will not use or dispose of any intoxicating liquors for any purpose other than in compounding or preserving medicines, the sale of which would not subject him to the payment of the special tax required of liquor dealers by the United States, he would obligate himself not to sell any intoxicating liquors whatever, since liquor dealers must procure a license from the United States for the sale of the intoxicating liquors referred to in said act.

It is conceded by the attorney general that that construction is not the proper one to be placed upon said language, but nevertheless he contends that such condition and language must be inserted in the bond. Counsel for the state admit that the object and purpose of the Haight Liquor Law was to permit druggists to use intoxicating liquors for compounding and preserving medicines and to sell intoxicating liquors upon being furnished with the proper physician's certificate or the proper affidavit of the purchaser or the certificate of a

clergyman. And it is admitted in this case that the defendant Forch has not sold any liquor contrary to the provisions of said act, but it is contended that he has failed to file a bond conditioned that he will not sell any such liquors that would subject him to the payment of a special license required by the United States of liquor dealers, and for that reason has violated said law.

It will thus be seen that under a literal interpretation or construction of said condition of the bond contended for by the state, a druggist could not sell intoxicating liquors at all, and what is the purpose or object of requiring a druggist to give a bond which absolutely prohibits him from selling intoxicating liquor when as a matter of fact it was not the intention of the Haight Liquor Law to absolutely prohibit the sale of such liquors?

Aside from said condition in the bond, there is not a single intimation in the law that a druggist shall not sell intoxicating liquors in accordance with the provisions of said act; but, on the contrary, the Haight Liquor Law clearly permits the sale of intoxicating liquors if they are sold in accordance with the provisions of said act. In other words, it is not a prohibition, but a limited or qualified permission to sell.

The United States law substantially provides that no person shall legally sell distilled spirits or wine in quantities of less than five gallons without paying a $25 revenue license, nor in quantities of more than five gallons without paying $100 for such license. Forch sold intoxicating liquors in less than five gallon quantities, but it is admitted that he sold it in compliance with the laws of the state of Idaho, aside from giving the bond conditioned as above claimed by counsel for the state. The condition that the druggist will not sell any intoxicating liquors which would subject him to the payment of the special tax required of liquor dealers by the United States is clearly contradictory to the entire object and purpose of said law. That clause is out of harmony and in conflict with the entire act. Counsel for the state does not insist upon the court's construing the Haight Liquor Law as a prohibition from selling any intoxicating liquors whatever, and they admit it was

the evident purpose of the legislature to allow the sale of such liquors under the safeguard provided by said law.

The rule of statutory construction is that whenever a statute contains a clause which is directly contrary to the legislative intent, as collected from the whole act, such clause will be treated as surplusage and will be disregarded in the proper construction of such act. The condition of the bond above referred to is not in harmony with the clear legislative intent of said act but is directly contrary thereto, hence it must be disregarded. It is stated by the author, 36 Cyc., p. 1131, as follows: ''But a particular expression in one part of a statute not so large and extensive in its import as other expressions in the same statute will yield to the larger and more extensive expressions, where the latter embody the real intent of the legislature.''

It is a general rule that the title to an act may be resorted to as an aid in determining the intent of the legislature. The title in this act relates to the sale of intoxicating liquors in prohibition districts and prescribes how alcohol and wines may be sold in any prohibition district. (*State v. Paulsen,* 21 Ida. 686, 123 Pac. 588; 36 Cyc. 1133.) Not only the title to said act, but the entire act itself, aside from the clause providing one of the conditions of the bond, shows clearly the intent of the legislature to allow druggists to sell alcoholic spirits and wines in dry counties.

The construction of a statute leading to an absurdity or contradiction should be avoided if possible. (*Chandler v. Lee,* 1 Ida. 349; *Greathouse v. Heed,* 1 Ida. 494; *Riggs v. Palmer,* 115 N. Y. 506, 12 Am. St. 819, 22 N. E. 188, 5 L. R. A. 340.)

The legislature clearly intended by the enactment of said Haight Liquor Law to allow alcoholic spirits and wines to be sold in dry counties of the state under the restrictions therein provided, and the defendant has given a bond conditioned on his selling such intoxicating liquors in accordance with the laws of the state, then the obligations of the bond to be void, otherwise to remain in full force and effect. The conditions of that bond clearly make him and his sureties liable thereon if he violates any laws of the state in the sale of such liquors,

and amply cover the object and purpose of said Haight Liquor Act in requiring a bond from druggists. Under the facts of this case, the defendant has complied with the laws of the state in selling the liquors referred to in the record.

We therefore hold that the trial court did not err in entering judgment in favor of the defendant.

It is contended by counsel for respondent that an action on a bond given under the provisions of the Haight Liquor Law cannot be maintained until the violator of the law has been prosecuted for a misdemeanor, found guilty and a fine imposed, since sec. 4 of said act provides, among other things, that "Any person or corporation who shall violate the provisions of this Section shall be guilty of a misdemeanor, and shall be fined not more than Five Hundred Dollars ($500.00) for each offense. It shall be the duty of the County Attorney to bring suit on said bond executed by such person for the recovery of any such penalty and all costs."

There is nothing in this contention. The required bond was executed in the sum of $500, conditioned that Forch should use and dispense or sell intoxicating liquors in accordance with the laws of the state of Idaho, then the obligation to be void; otherwise to remain in full force and effect; and if he should violate any of the laws of the state of Idaho in selling or disposing of such liquors, the obligation of the bond would be broken and the county might immediately bring suit on the bond, or it might prosecute him for a misdemeanor for violating the law in selling intoxicating liquors. And if he were convicted and a sentence imposed, an action might be brought on the bond to recover the judgment or penalty imposed in the misdemeanor action. In other words, both a civil and a criminal action may be maintained under the provisions of said act.

For the foregoing reasons, we conclude that the judgment of the trial court must be affirmed, and it is so ordered, with costs in favor of the respondents.

Budge and Morgan, JJ., concur.