## UNITED STATES v. UNITED STATES FIDELITY & GUARANTY CO.

(District Court, W. D. New York. March 1, 1924.)

No. 2036.

Intoxicating liquors &#8658;87—Surety in bond conditioned that principals would not violate Prohibition Act held not liable after payment of fines.

Where principals in a $10,000 bond given to obtain permit to sell liquor for nonbeverage purposes, and conditioned that they would not violate National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), did violate it and paid a $3,000 fine imposed, *held,* a subsequent action against surety for full $10,-000 would not lie.

At Law. Action by the United States against the United States Fidelity & Guaranty Company. Judgment for defendant.

William J. Donovan, U. S. Atty., of Buffalo, N. Y. (Ganson G. Depew, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

George P. Keating, of Buffalo, N. Y., for defendant.

HAZEL, District Judge. On June 2, 1921, John F Moriarty and John J. Gannon gave their bond or undertaking, the defendant company being surety, in the sum of $10,000, conditioned that the principals upon the bond would not violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) or the promulgated rules and regulations thereunder. Pursuant to the regulations and filing of the bond, request for permission to sell liquor for nonbeverage purposes was made by the principals on the bond under section 6 of the National Prohibition Act, and later permits were duly granted. Subsequently the permittees, Moriarty and Gannon, were convicted of a violation of the Volstead Act for transporting intoxicating liquor without first obtaining a permit from the Commissioner to do so. At a term of this court the defendants were each sentenced to pay a fine of $3,000. It is conceded that the fines were fully paid and the penalty imposed was without imprisonment.

In this action against the corporate surety the government seeks to recover $10,000, the full penalty of the bond, claiming that upon breach thereof the entire amount became due, regardless of the payment of the fine imposed by the court upon the principals for their violation. Stress is placed by the government on Illinois Surety Co. v. U. S., 229 Fed. 527, 143 C. C. A. 595, wherein Judge Rogers, writing for the Circuit Court of Appeals of this circuit, sustained the right of the government to recover the full penalty of a bond executed to procure admission of alien children into the country, regardless of whether the government had suffered damage or not. That case, however, is not like this. The bond was different, and there was no penalty for infraction of the Prohibition Law, nor was it based upon a form prescribed by a duly authorized official in compliance with a regulation conferring the right upon him to impose obligations. The recovery was not limited to the compensatory amount, nor were the obligors bound to "pay all taxes, assessments, fines, and penalties incurred or imposed upon them by law."

The question argued and submitted is not entirely new. The general rule I conceive is that, where a judgment has been rendered against an obligor of a bond wherein a condition is embodied that the latter will not violate a certain law, and in breach of the bond he has committed the violation, and thereafter paid the fine imposed by the court for such violation, no action is maintainable for the same cause on the bond. 23 Cyc. p. 146. The amount of the recovery, according to the contemplation of the parties to the form of bond under consideration, constitutes, in my opinion, the damage sustained by the government. It stands as security for its full liability, although the amount recoverable is not necessarily the whole amount of the stated penalty. In Kansas v. Estabrook, 29 Kan. 739, a druggist violated the state Prohibition Act and had previously given a bond to obey the law as a condition of being permitted to deal in alcohol. The court held that no action would lie upon the bond for a breach thereof after the druggist had paid the full penalty for violation.

A similar question as is here involved upon a like form bond to No. 1408 is found in U. S. v. John Wandmaker, 292 Fed. 24, recently decided by the Circuit Court of Appeals for the Eighth Circuit. The permit in that case was for the sale of alcohol for nonbeverage purposes. The demurrer to the complaint was upheld after a critical examination of the two forms of bond (substantially same as No. 1408, No. 1409) required by the promulgated regulations, one being with sureties and the other without, and executed by the permittee only. Reg. 20. Importance was laid on the wording of the bond given without surety, "in satisfaction of any liabilities incurred thereunder," which was added to that form of bond by the Commissioner, who, under the act, had the lawful right to fix its form and amount "to insure compliance with the terms of the permit and the provisions of this title." Title 2, § 6. In reading into both forms of bond the quoted wording, the learned court by its unanimous decision said:

"We take the expression, 'in satisfaction of any liabilities incurred hereunder,' to be a broad inclusion of such liabilities to which the permittee might subject himself under the Prohibition Act, which authorized the issuance of the two permits. It is certainly broad enough to include them, and we see no other purpose in its use. By association it has reference to liabilities to be incurred for other penalties. We think it clear that the whole purpose of this form of bond was to secure payment of all liabilities on the part

of the permittee to which he might be subjected in virtue of having received the permits."

The reasoning in part predicated upon the bond without surety (both forms of bond having been given by the permittee, one to buy the alcohol, and the other to use it) requiring a pledge of Liberty Bonds as collateral is also applicable to the bond given with surety in lieu of a pledge. It is applicable to the form of bond with which we are herein concerned, and I am in agreement with the interpretation of the terms of the bonds as stated in the Wandmaker Case and the reasons assigned in support thereof. The authorities cited by the United States attorney upon the point that the full amount of the bond was forfeited for the breach have been examined by me but they are readily distinguishable.

It is my opinion that the prescribed bond in question fixed the extent of the obligation by which the surety was bound; that its purpose was to indemnify the obligee for unpaid fines imposed for a violation, together with taxes and additional penalties; in short, to give satisfaction for any liabilities incurred such as the principals subjected themselves to under the National Prohibition Act.

The defendant may have judgment, dismissing the complaint.