## CITY OF ST. CLOUD v. MARIE WILLENBRING AND ANOTHER.[1]

June 28, 1935.

No. 30,447.

[1]Reported in 261 N. W. 585.

*Ossanna, Hall & Hoaglund* and *Charles E. Carlson,* for appellant.
*Allen A. Atwood,* City Attorney, for respondent.

I. M. OLSEN, JUSTICE.

The defendant Seaboard Surety Company, a corporation, appeals from an order overruling its demurrer to the complaint of the plaintiff on the ground that said complaint does not state facts sufficient to constitute a cause of action.

The plaintiff sued to recover the full amount of a bond given to the city of St. Cloud by the defendant Willenbring in connection with an "on-sale" nonintoxicating malt liquor license obtained by her from said city. The penalty in the bond was $1,000.

The legislature, by L. 1933, c. 116, 3 Mason Minn. St. 1934 Supp. §§ 3200-5 to 3200-10, conferred upon the governing body of each county, city, village, and borough in the state the authority to license and regulate the business of vendors at retail or wholesale of nonintoxicating malt liquors within their respective jurisdictions, to impose a license fee therefor, and to provide for the punishment of any violation of any such regulations according to the provisions of law. Section 2 of that chapter reads in part as follows:

"It shall be unlawful to sell non-intoxicating malt liquors, at retail, or wholesale, except when licensed as hereinafter provided. There shall be two kinds of licenses, viz:

"(a) 'On Sale' licenses shall permit the licensee to sell such non-intoxicating malt liquors for consumption on the licensed premises, and the license fee therefor shall be Ten ($10.00) Dollars per annum, unless the county, city, village or borough wherein the premises are situated shall fix a higher fee to be paid to such county, city, village or borough. 'On Sale' licenses shall be granted only to drug stores, restaurants, and hotels and Bona Fide clubs; provided, however, that no manufacturer of such non-intoxicating malt liquors shall have any ownership, in whole or in part, in the business of any licensee holding an 'On Sale' license. A Bona Fide Club under this act is an organization for social or business purposes or for intellectual improvement, or for the promotion of sports, where the serving of such non-intoxicating malt liquors is incidental and not the major purpose of the Club."

The chapter further makes it unlawful to sell such liquor to any person under the age of 21 years, and provides that "any person violating the provisions of this act shall be guilty of a misdemeanor." Under this law the city of St. Cloud adopted an ordinance, known as ordinance No. 252, which was subsequently amended so that the applicable provisions thereof now read as follows:

"Section 1. That sub-division A of Section 1 of Ordinance No. 252 is hereby amended by the addition of the following thereto:

"Any applicant for an 'on-sale' non-intoxicating malt liquor license shall file with the city clerk, a bond with corporate surety, or in lieu thereof cash or United States Government Bonds in a sum, of not less than $1,000.00, which bond shall be approved by the City Commission of the City of St. Cloud. Said bond shall run to the City of St. Cloud and shall be conditioned as follows:

"(a) That the licensee shall obey the law relating to such licensed business.

"(b) The licensee shall obey all laws relative to the possession and/or sale of intoxicating liquor.

"(c) The licensee shall obey all laws pertaining to any and all business conducted on or about the licensed premises and to the possession and use of said premises.

"(d) The licensee shall pay to the City of St. Cloud when due, all taxes, license fees, penalties, fines, costs and other charges provided by law.

"(e) That in the event of any violation of any of the provisions of any law relating to the retail 'on-sale' of intoxicating and/or non-intoxicating liquor, including any rules and regulations of the Liquor Control Commissioner, such bond shall be forfeited to the City of St. Cloud.

"(f) All bonds shall be continuing as to any violation or damages resulting therefrom during the period of said licenses and for three months thereafter.

"In the event of the forfeiture of any such bond for violation of the law, the District Court of the County wherein such licensed business was carried on may forfeit the penal sum of such bond or any part thereof to the City of St. Cloud."

Marie Willenbring applied for a license under this ordinance and gave a bond for $1,000 with the Seaboard Surety Company as surety thereon. A license was issued to her. The applicable provisions of the bond are as follows:

"Now, therefore, the conditions of this bond are such that if the principal shall:

"(A) Obey all laws relative to the possession and/or sale of intoxicating liquor;

"(B) Obey the law relating to such licensed business;

"(C) Obey all laws pertaining to any and all business conducted on or about the licensed premises and to the possession and use of said premises;

"(D) Shall pay to the City of St. Cloud when due, all taxes, license fees, penalties, fines, costs and other charges provided by law;

"(E) That in the event of any violation of any of the provisions of any law relating to the retail 'on-sale' of intoxicating and/or

non-intoxicating liquor, including any rules and regulations of the Liquor Control Commissioner, such bond shall be forfeited to the City of St. Cloud in the manner provided in said ordinance."

Defendant Willenbring violated the provisions of the ordinance and the statute in that she thereafter kept for sale and did sell intoxicating liquor, through her employe, in said licensed premises. The employe had been convicted of making such sale, and the fine and costs imposed had been paid.

Two questions are raised by the appeal: (1) Whether the city had any authority to require a bond which, on breach thereof, would entitle the city to recover the whole penal sum thereof for a single violation of the ordinance, where no money damages resulted to the city; (2) whether the bond was one providing for a penalty so that only damages for a violation thereof can be recovered. The complaint does not plead any actual damages. The statute granting authority to the city to license and regulate the sale of nonintoxicating malt liquor contains no provision for a bond to be given by the licensee. If any authority to require such a bond is given, it must be inferred or found from the fact that the city was authorized to license and regulate the sales. That the city, as part of its authority to license and regulate, had authority to require a bond to secure payment of taxes, license fees, penalties, fines, costs, and other charges due the city, or any damage caused to it by violation of its ordinance, may be conceded. That it had authority, without statutory delegation of such authority, to require a bond imposing a penalty, in addition to the fine or imprisonment authorized by statute for violation of the law, where the city suffered no loss or damage, may be seriously doubted. City of Minneapolis v. Olson, 76 Minn. 1, 78 N. W. 877. The effect of holding such a bond enforceable for the full sum therein stated without showing any loss or damage to the city would be to authorize the city to impose an additional penalty to the amount of the bond over and above the penalty imposed by the statute for a violation of the ordinance. We have not been referred to any provision of the city charter expressly granting any such power. Further discussion of that ques-

tion need not here be gone into in view of the conclusion reached on the second question presented.

On the second question, whether, if authorized to take a bond, the city was authorized to take a penal bond of the kind here in question, there is conflict in the authorities. There is substantial authority for the proposition that where a bond is executed to the government, or, as here, to an agency of the government, in a specified penal sum prescribed by statute or ordinance and intended as a fixed penalty imposed for a breach of its conditions, which is forfeited in its full amount by a breach of such conditions, irrespective of the actual damage thereby caused, the whole penalty named in the bond may be recovered. United States v. Zerbey, 271 U. S. 332, 46 S. Ct. 532, 70 L. ed. 973; United States v. Wandmaker (C. C. A.) 292 F. 24; O'Kane v. Lederer (D. C.) 4 F. (2d) 418.

It is clear that the sum fixed by the bond for any violation of the ordinance is in the nature of a penalty if it can be enforced for the full amount thereof without regard to any damage suffered by the city. As said in the O'Kane case, 4 F. (2d) 418, 419, the question is "one of construction, having regard to the entire statute, the governmental regulations framed to carry out the statute, and the language of the bond."

The question, then, is the construction of this bond under the statute and ordinance hereinbefore set out, as to whether or not the penalty could be recovered in its entirety for a single breach of the conditions thereof, or whether the city is confined to the recovery of such damages as it showed it had suffered. There are two provisions of the ordinance which seem to militate against holding this to be a penalty recoverable in its entirety in such a situation. One condition is that a licensee shall pay when due all taxes, license fees, penalties, fines, costs, and other charges provided by law. The other provision is that, in the event of the forfeiture of any such bond for violation of the law, the district court of the county wherein such licensed business was carried on may forfeit the penal sum of such bond or any part thereof to the city of St. Cloud. We think it should be held that the provision of the ordinance that in the event of any violation of any law relating to the retail sale of

liquor the bond shall be forfeited to the city of St. Cloud provides such a forfeiture only for the purpose of recovering any taxes, license fees, penalties, fines, costs, or other charges provided by law. That seems practically certain when coupled with the provision that the district court, in the event of any forfeiture, may forfeit the penal sum of the bond or any part thereof to the city of St. Cloud. In other words, the bond given under this ordinance is not a fixed certain sum, but a sum to be determined by the district court. In the case of State v. Larson, 83 Minn. 124, 86 N. W. 3, 6, 54 L. R. A. 487, the majority opinion supports the appellant's contention. It is not perhaps clear as to the reasons for the holding. The fact that the sum stated in that bond was construed to be a penalty does not fully dispose of the question in these cases. The correct rule, as we take it, is that stated in the dissenting opinion [83 Minn. 131]:

"The designation by statute of a specific sum as a penalty has the effect of constituting a bond given in compliance therewith, a covenant for liquidated damages, or a penalty imposed by the sovereign power * * * unless a different intent appears."

However, in the present case, the ordinance under which the bond was given does, reasonably construed, show a different intent—discloses an intent that the bond was given to compel payment of any "taxes, license fees, penalties, fines, costs and other charges provided by law," which might be due the city, and that in case of a forfeiture of the bond for a violation of the statute the district court is to determine what part of the penalty of the bond may be recovered. The district court would have nothing to act upon except such damages as might be shown. The ordinance does not fix a specific sum as a penalty, but fixes a sum which shall assure payment to the city of taxes, license fees, penalties, fines, costs, and other charges, and then leaves it to the district court to determine the amount of liability on the bond.

The conclusion is that the bond is not such that the sum therein named can be recovered where no damage to the city is alleged or shown, and, none being alleged, the demurrer should be sustained.

Reversed.