278 P.2d 192

**STATE of Idaho ex rel. Wayne SUMMERS, Commissioner of Law Enforcement, and N. P. Nielson, Auditor, Plaintiff-Appellant,**

**v.**

**LAKE TAVERN, Inc., a corporation,**

**and**

**Standard Accident Insurance Company, a corporation, Defendants-Respondents.**

No. 8135.

Supreme Court of Idaho.

Dec. 23, 1954.

Robert E. Smylie, Atty. Gen., Ray Durtschi, Asst. Atty. Gen., for appellant.

Elam & Burke, Boise, and Donart & Donart, Weiser, for respondents.

PORTER, Chief Justice.

This action has been heretofore before this court on a phase not involved in this appeal. See State ex rel. Summers v. Lake Tavern, Inc., 73 Idaho 377, 252 P.2d 831.

On May 10, 1951, the Commissioner of Law Enforcement issued to respondent, Lake Tavern, Inc., a state retail liquor license for the sale of liquor by the drink at McCall, Idaho. The respondents, on May 7, 1951, duly filed with the Commissioner the surety bond in the penal sum of $5,000 required by statute for the issuance of such a license.

On or about October 23, 1951, the Commissioner instituted proceedings under the statutes for the cancellation of such liquor license. Thereafter, on November 9, 1951, the Commissioner of Law Enforcement revoked such liquor license and forfeited the surety bond. The actions of the Commissioner of Law Enforcement were based on the charge that on or about the 16th day of September, 1951, the defendant, Lake Tavern, Inc., sold liquor on Sunday at or about the hour of 12:50 p.m. contrary to the provisions of Section 23–927, I.C.

On January 17, 1952, appellant commenced this action. By its complaint appellant alleged the facts hereinbefore set forth and further alleged that on December 13, 1951, the Commissioner of Law Enforcement had demanded of defendants the payment of the $5,000 principal of the surety bond, and that defendants had refused to pay the same; and appellant prayed judgment for said sum of $5,000 and costs of suit. The answer of respondents in effect denied the breach of the bond and that there was any sum due and owing by reason of such alleged breach.

Upon the trial, at the close of the testimony respondents moved for a nonsuit upon the ground of certain alleged defects in the proceedings to revoke the liquor license and cancel the bond, and upon the further ground "that the plaintiffs have not proven that the State of Idaho has been damaged by any action or omission on the part of Lake Tavern, Inc., and that under the bond, as written, the penalty of the bond is a limitation upon the amount of the recovery rather than a determination for fixing of the amount of recovery as liquidated damages." The motion for nonsuit was by the court granted and judgment of dismissal entered. From such judgment appeal has been taken by appellant to this court.

Appellant, in its proof, did not rely solely upon a presumption of a violation of the liquor laws arising from a revocation of the liquor license. Appellant offered direct proof sufficient to sustain a finding that respondent, Lake Tavern, Inc., sold liquor on Sunday in violation of Section 23–927, I.C. Respondents admit the direct evidence shows a violation of the liquor laws. Accordingly, any claim of defects in the notices given for revocation of the liquor license or forfeiture of the bond is immaterial.

There was no pleading or proof of actual damages made or submitted on behalf of appellant. The controlling question herein is whether the penal sum of $5,000 named in the surety bond is a measure of liability or is a limitation upon liability. Upon a violation of the conditions of the surety bond, was the full penal sum thereof forfeited to the state as liquidated damages or is the recovery by the state limited to the amount of actual damages pleaded and proved?

The statute in pursuance of which the surety bond herein was given is Section 23–909, I.C., and reads as follows:

"Before any license is issued, the applicant shall deliver to the commissioner of law enforcement of the state of Idaho cash in the sum of $5,000.00 or a surety bond executed by a surety company qualified to do business in the state of Idaho in the penal sum of $5,000.00 conditioned upon the faithful observance of this act and all the laws of the state of Idaho, municipal ordinances, and regulations of the commissioner in regard to the sale of liquor, and guaranteeing the payment of all fines, costs, and damages which may be assessed against the applicant for any violation of this act and such laws, ordinances and regulations.

"In the event of a refusal of any surety company to make payment on account of any liability incurred thereon as in this section provided, an action may be maintained by the state of Idaho for a violation of this act or any rule or regulation of the commissioner promulgated hereunder or by any city or village on account of a violation of any of its ordinances."

The conditions of the surety bond are set out therein as follows:

"Whereas, The said Lake Tavern, Inc., the Principal herein, has made application for a license to sell intoxicating liquor by the drink at retail;

"Now, Therefore, If the said Lake Tavern, Inc., shall faithfully observe all the provisions of Chapter 274, 1947 Idaho Session Laws, regulating the retail sale of liquor by the drink, and all laws of the State of Idaho, Municipal ordinances, and regulations of the Commissioner of Law Enforcement, in regard to the sale of liquor, and shall pay all fines, costs and damages which may be assessed against him for any violation of such Chapter 274, 1947 Idaho Session Laws, and such laws, ordinances and regulations, then this obligation to be void, otherwise to be in full force, virtue and effect."

Chapter 274, 1947 Idaho Session Laws is the basic liquor by the drink law and the sections of the Idaho Code involved herein are a part thereof.

In support of its contention that upon a showing of a violation of any condition of the surety bond appellant was entitled to recover the whole of the penal sum of the bond as liquidated damages without proof of actual damages, appellant cites in its brief the following authorities: State ex rel. Tollefson v. Novak, 7 Wash.2d 544, 110 P.2d 636; Lyman v. Schenck, 37 App. Div. 234, 55 N.Y.S. 770; Lyman v. Perlmutter, 166 N.Y. 410, 60 N.E. 21; Lyman v. Fidelity & Deposit Co., 39 App.Div. 459, 57 N.Y.S. 372; Accident & Casualty Ins. Co. v. Cook, 72 Ga.App. 241, 33 S.E. 2d 571; Quintard v. Corcoran, 50 Conn. 34; Fresh Grown Preserves Corp. v. Unit-

ed States, 4 Cir., 144 F.2d 136; State v. Forch, 26 Idaho 755, 146 P. 110; Eagle Indemnity Co. v. U. S., 4 Cir., 22 F.2d 388; State v. Corron, 73 N.H. 434, 62 A. 1044; City of Albany v. Cassel, 11 Ga. App. 745, 76 S.E. 105; City of Paducah v. Jones, 126 Ky. 809, 104 S.W. 971; Lightner v. Commonwealth, 31 Pa. 341; Commonwealth v. J. & A. Moeschlin, 314 Pa. 34, 170 A. 119; State v. Vending Machine Corp. of America, 174 Okl. 603, 51 P.2d 724, 103 A.L.R. 391; U. S. v. Engelberg, D.C., 2 F.2d 720; Annotation 103 A.L.R. 405; 11 C.J.S., Bonds, § 130, page 510.

An examination of the cited cases discloses they are authority for the proposition that where a surety bond is conditioned solely upon compliance with an existing law and runs in favor of a governmental body, the penal sum specified in the bond is recoverable as liquidated damages upon a breach of the bond without proof of actual damages. Such cases do not appear to be conclusive that the whole penal sum is recoverable without proof of damages where the statute and bond contain a further condition that the principal will pay all fines, costs and damages which may be assessed against him.

The decisions in such cases generally do not consider the precise situation with which we are confronted. They deal with different statutes, different bonds and with different presented questions. For example, the Washington Court, in State ex rel.

Tollefson v. Novak, supra [7 Wash.2d 544, 110 P.2d 638], was considering a statute and bond in an abatement case. The statute required that the bond be conditioned upon a compliance with the liquor law and contain the further condition that the principal would pay all fines, costs and damages assessed against him. These conditions are similar in import to the requirements of the statute now before us. The holding of the Washington Court that the full amount of the bond was recoverable is based in part at least upon the additional provision of the Washington statute which does not appear in our statute, reading as follows:

" 'If any condition of such bond be violated, the whole amount may be recovered as a penalty for the use of the county wherein the premises are situated.' " Rem.Rev.Stat. § 7306–33A.

It would seem that the Washington Legislature considered the additional provision placed in their statute necessary in order to allow a recovery of the whole penal sum which appellant contends is recoverable without such a provision in our statute.

Respondents suggest that under the earlier cases a compliance bond was merely an indemnity bond and that the penalty expressed in the bond was a limitation upon and not the measure of damages in an action based upon a breach of the bond, citing State of Kansas v. Estabrook, 29 Kan. 739; State v. Larson, 83 Minn. 124, 86 N.W. 3, 54 L.R.A. 487; and City of St.

Cloud v. Willenbring, 195 Minn. 70, 261 N.W. 585.

However, respondents appear to concede that the majority rule now is that where a bond is conditioned solely upon compliance with the statute, a breach of the bond authorizes a recovery of the full penalty thereof as liquidated damages unless there is something in the bond or the statute indicating a contrary intention. Respondents contend that a statute which requires a surety bond to be both a compliance bond and a bond to guarantee payment of fines, costs and damages sustained indicates such contrary intention; and the penalty expressed in the bond is to be treated as a limitation upon the amount of the recovery and that such full penalty cannot be recovered merely upon proof of breach of the bond, but that a recovery is limited to the damages sustained by the beneficiary under the bond. In support of this contention, respondents cite the following cases: O'Kane v. Lederer, D.C., 4 F.2d 418; United States v. United States Fidelity & Guaranty Co., D.C., 35 F.Supp. 959; United States v. Zerbey, 271 U.S. 332, 46 S.Ct. 532, 70 L.Ed. 973; United States v. United States Fidelity & Guaranty Co., D.C., 1 F.2d 335.

The United States District Court of Pennsylvania in O'Kane v. Lederer, supra, was considering a bond conditioned both upon a compliance with the liquor law and upon the payment of any taxes and penalties imposed, and concluded that the amount named in the bond represented a limit and not a measure of liability. The court generally expressed the position taken by respondents in this case. The court, 4 F.2d 419, 420, said:

"Generally speaking, where a statute requires the execution of a bond to a state or to the United States for a fixed penalty, conditioned upon a compliance with certain laws of a state or of the United States, the penalty named in the bond is the measure of damages for its breach, or rather is a punishment inflicted by the sovereign for the violation of a pledge to observe its law, unless the statute or the bond, read in the light of the statute, indicates a less or a different measure. The question is always one of construction, having regard to the entire statute, the governmental regulations framed to carry out the statute, and the language of the bond.

\* \* \* \* \* \*

"Punitive bonds of this character, together with the statutory provisions and regulations under which they are required to be executed, should be construed, like tax laws, not according to what seems to be the probable broad, general intention of the government, but strictly in accordance with their provisions, and, where reasonable doubts exist, they should be resolved in favor of the obligor upon whom the punishment is sought to be imposed."

The construction of the statute and of the surety bond contended for by appellant would appear to ignore the effect of the condition guaranteeing the payment of fines, costs and damages and the recovery thereof for the benefit of a county or by a municipality. Such a construction apparently would permit the full penalty of the bond to go into the financial system of the state and thereby divert from a county or a municipality the amount which it should be entitled to recover for fines, costs and damages. It will be noted that the additional provision in the Washington statute considered above provides that the recovery shall be for the benefit of the county.

It is well recognized that forfeitures are not favored. Our statute does not directly express an intention to provide for a forfeiture of the whole penal sum in the event of a violation of the conditions of the required surety bond. We are constrained to hold with the respondents that the inclusion of the condition for the payment of fines, costs and damages indicates a contrary intention; and that the burden was upon appellant to plead and prove actual damages and the amount thereof in order to be entitled to a recovery.

The judgment of the trial court is affirmed. Costs to respondents.

GIVENS, TAYLOR, and KEETON, JJ., concur.

THOMAS, J., sat at the hearing but did not participate in the decision.