UNITED STATES v. CUTAJAR et al.

(District Court, S. D. New York. January 4, 1894.)

CUSTOMS REVENUE—BOND FOR VERIFIED INVOICE—DAMAGES.

The defendant Cutajar imported certain invoices of rice from Italy during the month of November, 1891, and entered the merchandise on a pro forma invoice, executing at the same time, with the defendant Gandolfi, a bond to the United States in the penal sum of $800, conditioned that the obligors, etc., should, within six months from the date of the bond, produce to the collector of customs for the district of New York a duly-authenticated invoice of the said goods, and pay to the collector the amount of duty appearing by such invoice to be due over and above the amount of duties estimated on the appraisement of said goods; the defendants failed to produce a duly-authenticated invoice within the time mentioned in the condition of the bond, although the collector of the port of New York received within such time the triplicate invoices required by section 2855 of the United States Revised Statutes to be forwarded from the United States consul, where such invoices were verified in Italy. *Held*, that the United States, upon such default by the defendants, were not entitled to recover the full amount named as penalty in the bond, but only such sum as might be proved to be due the United States for duties upon the importation in question.

At Law.

Action upon a bond executed by the defendants as principal and surety to the United States of America in the sum of $800, dated the 24th day of November, 1891, reciting that the principal in the bond had applied to the collector of customs for the port of New York to make entry of certain goods, wares and merchandise imported in the Fulda from Genoa, and reciting further that, "whereas it is temporarily impracticable for the said principal to produce a proper invoice thereof duly authenticated according to law, by reason whereof, and in pursuance of law, entry of the said goods, wares, and merchandise, is allowed on affidavit and statement on the execution of this bond;" and setting forth the following condition:

"Now, therefore, the condition of this obligation is such that if the above bounden obligors or either of them, or either of their heirs, executors, or administrators shall and do within six months from the date hereof produce to the collector of the customs for the district of New York a duly authenticated invoice of the said goods, wares and merchandise, and shall pay to the said collector the amount of duty to which it shall appear by such invoice the said goods, wares or merchandise are subject, over and above the amount of duties estimated on the appraisement of said goods, wares and merchandise, then the above obligation to be void; otherwise to remain in full force and virtue." There appeared upon the bond as part thereof a memorandum showing the importation to consist of 2 lots of 100 and 50 bags of rice re-

spectively, weighing, according to the pro forma invoice, 19,400 pounds dutiable at 2 cents per pound, making a total of $388 estimated duties.

This bond was given under the provision of the act of June 10, 1890, (chapter 407, Laws 1890; 26 Stat. 131, § 4,) which provided:

"And when entry of merchandise exceeding $100 in value is made by a statement in the form of an invoice, the collector shall require a bond for the production of a duly certified invoice;" and under article 326, of the United States treasury regulations of 1884, which provided for the form of a bond with sureties in double the amount of duty apparently due; also article 1056 of said treasury regulations. On the trial the United States attorney proved the execution and delivery of the bond by the defendant Cutajar as principal and the defendant Gandolfi as surety, and breach of the condition thereof.

On cross-examination of one of the plaintiffs' witnesses, the defendants offered in evidence, against the objection of the United States attorney, the triplicate invoices of the merchandise taken from the files of the customhouse at the port of New York, and proved to have been received by the collector from the consul and filed November 24, 1891, which triplicate invoices were duly verified before the United States consul at Genoa, Italy; one of which invoices called for 9,900 kilograms, equivalent to 21,829 pounds, of rice, and the other 4,950 kilograms, equivalent to 10,913 pounds, of rice.

The defendants' attorneys, on cross-examination of another of plaintiffs' witnesses, produced from the files of the customhouse and offered in evidence the entry of the merchandise covered by the bond in suit. This paper was objected to by counsel for the government as immaterial and irrelevant, the United States attorney contending that the full penalty of the bond was the measure of damages in the nature of a forfeiture, imposed by law upon the importer and recoverable by the government upon breach by the obligors of the condition of the bond; citing in support of this contention: Clark v. Barnard, 108 U. S. 436, 2 Sup. Ct. 878; U. S. v. Hatch, 1 Paine, 336, Fed. Cas. No. 15,325; U. S. v. Montell, Taney, 47, Fed. Cas. No. 15,798; Treasurer v. Patten, 1 Root, 260; U. S. v. Pingree, 1 Spr. 339, Fed. Cas. No. 16,050, reversed in circuit court 1 Spr. 342; Ives v. Bank, 12 How. 159; Farrar v. U. S., 5 Pet. 373; U. S. v. Mora, 97 U. S. 413; U. S. v. Hodson, 10 Wall. 395; Republic of Mexico v. Ockershausen, 37 Hun, 533; Willet v. Lassalle, 19 Abb. Pr. 292; Hinds v. Doubleday, 21 Wend. 230; Harris v. Hardy, (ne exeat bond,) 3 Hill, 393. Also, as to the general power and authority of the secretary of the treasury, U. S. Rev. St. § 251.

The defendants' counsel argued that the entry was admissible to show that no final liquidation had been made, and no further duties were due the United States upon the same; and that consequently nothing was recoverable upon the bond as no actual damage to the government had accrued. After a recess of the court for the night, the following decision upon the question of law was rendered by the court.

Edward Mitchell, U. S. Atty., and J. T. Van Rensselaer, Asst. U. S. Atty.

Hess, Townsend & McClelland, (Charles A. Hess, of counsel,) for defendants.

BROWN, District Judge. I have examined, as far as I was able since last evening, the cases cited to me. I am satisfied that I cannot allow as damages any sum beyond the amount of duties and interest which the United States would lose by a failure to produce the invoices, where, as in a case like this, the proofs leave no question of what that loss is. If there had never been any invoice, or if the means by which the assessment of duties could be fixed and made certain had never come to hand, then, perhaps, the full penalty should be recovered, because the damage could not be shown to be less.

This case is distinguishable from the considerably large class of cases to which the counsel for the government has directed my attention, and which he has so clearly presented; namely, those in which the amount named in the bond is treated as a liquidated sum to be paid in lieu of damages which are incapable of exact estimate. This case does not fall within that class. The context of the bond, the general purpose for which it was given, and the way in which the amount of the bond in such cases is fixed, are such as taken together require the amount named in the bond to be regarded as fixing, not an amount of liquidated damages, but only the extent of the importer's liability.

In the first place, the context shows the general purpose. It is a condition for the production of the invoice, and "for the payment of the additional duties," which upon that invoice may prove to be the proper amount of duties. That sufficiently defines the purpose of the bond, viz. to secure the full payment of the duties. In the next place, the statute does not prescribe the amount of the bond. It leaves it to be regulated by the secretary of the treasury. I think it is hardly consistent with the general purpose of such legislation, or a proper construction of the law, to suppose that the secretary of the treasury was intended to fix, by a mere arbitrary regulation, a positive penalty as liquidated damages which the citizen must pay because an authenticated invoice might not be produced within a specified time. In this case the bond itself is not even in exact compliance with the regulation. Its amount is in excess of the regulation. The bond was made greater than "double of the duties" as estimated, upon the authority of the collector, and as a mere matter of convenience in practice by the clerk who administered this business to take the nearest even hundred. It cannot be that the power to inflict a penalty as such, or to fix liquidated damages in that manner, irrespective of what might be the government's loss, could be sustained. But it is reasonable and consistent enough if the amount thus fixed for the bond is regarded merely as a limit, and for the purpose only of securing to the government the payment of what shall eventually prove to be due to it.

So it seems to me, from the nature of the subject-matter, the context, and the object of the bond, as well as the unreasonableness of the contrary construction as applied to a bond in which the amount is fixed in the way this amount is fixed, require me to treat this bond as admitting a recovery of no more than the damages sustained, since these damages are easily capable of exact determination. They amount, on the proofs in evidence, to the difference between the first liquidation, and the amount of duties recoverable upon the authenticated invoice, or what, in this case, is equivalent to it, the triplicate invoice already in evidence; and accordingly I so rule upon the questions presented.

An exception having been noted by the United States attorney, the defendants withdrew their offer of the entry, and thereafter the paper was offered and proved by the plaintiffs, together with the testimony of an expert from the customhouse showing that

according to the United States weigher's return attached to the entry and part thereof, the government would be entitled to a balance of unpaid duty on a final liquidation of the entry of $198.60.

At the close of the testimony a motion was made by the United States attorney for a direction of a verdict in favor of the plaintiffs for the full amount of the penalty of the bond, viz. the sum of $800. The defendants moved for a dismissal of the complaint on the ground that no damage or loss to the United States had been proved under the bond; and that no additional duties could be recovered in this suit. Both motions were denied by the court; and a verdict was thereupon directed in favor of the plaintiffs for the sum of $198.60, and interest to the date of the trial. Verdict for plaintiffs accordingly.