## O'KANE v. LEDERER.

(District Court, E. D. Pennsylvania. August 9, 1923.)

No. 9474.

**1. Bonds ⟶135—Rule as to measure of damages for breach of bond stated.**

Generally, where statute requires execution of bond for fixed penalty, conditioned on compliance with law, penalty named in bond is measure of damages for its breach or is punishment inflicted for violation of pledge to observe laws, unless statute or bond, read in light of statute, indicates a less or different measure.

**2. Intoxicating liquors ⟶88(1)—Face of bond held not fixed penalty or measure of liability, but a limit of liability.**

Where bond filed under National Prohibition Act, tit. 2, § 6 (Comp. St. Ann. Supp. 1923, § 10138½c), to obtain permit to sell for nonbeverage purposes, was conditioned on compliance with all laws, and provided that it should insure payment of any taxes and penalties imposed, *held*, face of bond was not fixed penalty or measure of liability for its breach, but a limit of liability.

**3. Intoxicating liquors ⟶45, 82 — Punitive bonds and statutes, requiring them should be strictly construed.**

Punitive bonds, such as bond given to obtain permit to sell intoxicating liquors for nonbeverage purposes; together with statutory provisions and regulations under which they are given, should be construed strictly.

**4. Intoxicating liquors ⟶96—In suit to recover liquor taxes, counterclaim for full amount of bond given by plaintiff held insufficient.**

In suit to recover liquor taxes, paid under protest, counterclaim for full amount of bond given to obtain permit to sell, set up in affidavit of defense, *held* insufficient; amount of such bond being, not measure, but limit, of plaintiff's liability for breach of its conditions.

At Law. Action by Francis O'Kane against Ephraim Lederer, formerly Collector of Internal Revenue for the Eastern District of Pennsylvania, wherein defendant, by affidavit of defense, admitted plaintiff's claim in part, and set up a counterclaim. On plaintiff's rule to show cause why judgment should not be entered for want of sufficient affidavit of defense. Rule made absolute, and judgment entered for plaintiff.

Frederick L. Breitinger, of Philadelphia, Pa., for plaintiff.

George W. Coles, U. S. Atty., and Francis B. Biddle, Asst. U. S. Atty., both of Philadelphia, Pa., for defendant.

McKEEHAN, District Judge. The plaintiff sues to recover $1,142.39, the amount of taxes assessed against him and paid by him under protest on August 27, 1920, as follows:

(a) As wholesale liquor dealer under section 3244, R. S. U. S., as amended (Comp. St. § 5971).. $    33.34
(b) Under the provisions of section 3176, as amended (section 5899)      8.33
(c) Differential tax (doubled) at $8.40 per gallon on 130.8 proof gallons, made under the provisions of section 600 of the Revenue Act of 1918, approved February 24, 1919 (Comp. St. Ann. Supp. 1919, §§ 5986e–5986i) ........$1098.72

$1140.39

The affidavit of defense admits the plaintiff's claim to the extent of $1,098.72, with interest from April 1, 1921, to April 20, 1922, and sets up as a counterclaim that the plaintiff is indebted to the defendant in the sum of $2,000, with interest from April 22, 1922, upon a bond executed by the plaintiff, as principal, and the Maryland Casualty Company of Baltimore, as surety, conditioned that the plaintiff would comply with the laws of the United States respecting the sale and use of distilled spirits and wines for other than beverage purposes. The question is as to the sufficiency of the counterclaim.

In February, 1920, the plaintiff made application for a permit to use and sell distilled spirits and wines for other than beverage purposes and filed the bond in question. A permit was issued to him in March, 1920, and the Attorney General of the United States subsequently ruled that the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) allowed permits of this sort only to manufacturers and wholesale druggists. The counterclaim sets up

that the plaintiff violated the condition of his bond, in that on April 22, 1920, he sold three barrels of whisky to some person or persons not having at the time a permit to purchase whisky, and that he thereby became indebted to the United States for the amount named in the bond, viz. $2,000, with interest from April 22, 1922, the date on which payment was demanded.

The bond in question was filed under a provision contained in title 2, section 6, of the National Prohibition Act (section 10138½e), which reads:

"Before any permit is granted the Commissioner may require a bond in such form and amount as he may prescribe to insure compliance with the terms of the permit and the provisions of this title."

The Commissioner's construction of the somewhat indefinite delegation of power contained in the foregoing provision was embodied in the following regulation, pursuant to which the bond in question was given:

"Section 20. All persons desiring to obtain permits provided by these regulations, except as provided below, must at or before the time of filing application therefor, file with the director a bond in duplicate on form 1308 or form 1409 to insure compliance with the provisions of this act and of these regulations as well as to cover any taxes and penalties which may be imposed under the internal revenue laws.

"Except where otherwise provided the basis of the penal sum of such bond will be as follows: $4.20 per proof gallon on distilled spirits and $100 for each 200 gallons or fractional part thereof, on wine, malt liquor, cider or other liquor, manufactured or received during any quarterly period of the calendar year plus the quantity on hand at the end of the preceding quarterly period. In no case shall the penal sum of any bond be less than $1,000.00 nor more than $100,-000.00."

Regulation 60 (T. D. 2985), article III, section 20.

It will be noted that, although the statute provides simply for a bond to insure compliance with the terms of the permit and the provisions of title 2 of the National Prohibition Act, the regulation goes further and provides, in addition, that the bond shall insure the payment of "any taxes and penalties which may be imposed under the internal revenue laws." The condition of the bond reads:

"Now, therefore, the condition of this obligation is such that if the said principal shall fully and faithfully comply with the requirements of the laws of the United States now or hereafter enacted and regulations issued pursuant thereto respecting the sale or use of distilled spirits and wines for other than beverage purposes, then this obligation to be void; otherwise, to remain in full force and virtue."

Here again it will be noted that, though the statute simply provides for a bond to insure compliance with the terms of the permit and the provisions of title 2 of the National Prohibition Act, the bond itself goes further, and is conditioned upon a compliance with the laws of the United States "now or hereafter enacted, and regulations issued pursuant thereto, respecting the sale or use of distilled spirits or wines for other than beverage purposes."

[1] The construction and effect that should be given to bonds required by statute, and conditioned upon a compliance with the laws of a state or of the United States, have been frequently before the courts, and have usually presented questions of some difficulty. Clark v. Barnard, 108 U. S. 436, 2 S. Ct. 878, 27 L. Ed. 780; U. S. v. Alcorn (C. C.) 145 F. 995; U. S. v. Oteri, 67 F. 146, 14 C. C. A. 344; U. S. v. Fidelity & Guaranty Co. (C. C.) 151 F. 534; U. S. v. Montell, 26 F. Cas. No. 15,798; U. S. v. Dieckerhoff, 202 U. S. 302, 26 S. Ct. 302, 50 L. Ed. 104; State v. Larson, 83 Minn. 124, 86 N. W. 3, 54 L. R. A. 487; State v. Estabrook, 29 Kan. 739; U. S. v. Cutajar (D. C.) 59 F. 1000; also 32 Opinions of Attorneys General, 365. Generally speaking, where a statute requires the execution of a bond to a state or to the United States for a fixed penalty, conditioned upon a compliance with certain laws of a state or of the United States, the penalty named in the bond is the measure of damages for its breach, or rather is a punishment inflicted by the sovereign for the violation of a pledge to observe its law, unless the statute or the bond, read in the light of the statute, indicates a less or a different measure. The question is always one of construction, having regard to the entire statute, the governmental regulations framed to carry out the statute, and the language of the bond.

If the regulations and the language of the bond had followed the provision of the statute, I am inclined to think that the government could recover the penal sum named in the bond, and that the counterclaim would therefore be properly pleaded, although there is some force in the argument that, since the National Prohibition Act is a criminal statute, providing fines or imprisonment, or

both, for violations of its terms, the provision as to bonds, contained in section 6, was not intended as an additional punishment, but simply as a protection to the government for moneys due from the permittee. Be that as it may, and without considering what forms and amounts of bonds might be required by the Commissioner in the exercise of the power delegated to him, it is evident that the particular bond now before the court, read in connection with the regulation under which it was executed, does not name $2,000 solely as a penalty or punishment for a noncompliance with the terms of the permit and title 2 of the act.

[2] The amount named is expressly stated to cover also any taxes and penalties imposed under the internal revenue laws and to insure compliance also with all the laws thereafter enacted, and regulations issued pursuant thereto, respecting the sale and use of wines and spirits for other than beverage purposes. It follows that the $2,000 named in the bond cannot all have been intended as a fixed penalty or punishment for a violation of the permit and title 2 of the Prohibition Act. I cannot but conclude, therefore, that the amount named in the bond represents a limit, and not a measure, of liability.

[3] Punitive bonds of this character, together with the statutory provisions and regulations under which they are required to be executed, should be construed, like tax laws, not according to what seems to be the probable broad, general intention of the government, but strictly in accordance with their provisions, and, where reasonable doubts exist, they should be resolved in favor of the obligor upon whom the punishment is sought to be imposed.

[4] Whatever the amount recoverable under this bond may be, and whether it is capable of liquidation by any known standard, the affidavit of defense sets up no standard or measure, but bases the government's counterclaim solely on the proposition that the amount named in the bond represents a statutory punishment for a violation of the National Prohibition Act and the regulations issued thereunder. I am therefore of opinion that the affidavit does not set up a valid counterclaim.

On this view of the case, it is unnecessary to discuss the further question whether, as the permit to the plaintiff was issued without authority of law, the plaintiff and the surety can be held on the bond.

The plaintiff is not pressing his claim for the small amount disallowed by the government, viz. $41.67, and it is therefore ordered, this August 9, 1923, that the rule for judgment for want of a sufficient affidavit of defense be made absolute, and that judgment be entered in favor of the plaintiff in the sum of $1,098.72, with interest from April 1, 1921.